# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

EDDIE VOLITON
REG. #07680-003                                                                       PETITIONER

VS.                            2:13CV00114 KGB/JTR

T.C. OUTLAW, Warden,
FCI, Forrest City, Arkansas                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2241 habeas Petition filed by Petitioner, Eddie Voliton ("Voliton"). *Doc. 1*. Voliton attacks a prison disciplinary conviction he received while incarcerated in FCI, Forrest City, Arkansas.

On July 20, 2011, BOP Officer K. McAbee charged Voliton with: (1) "possession of anything not authorized;" and (2) refusal to obey an order. The charges arose from an incident earlier that day:

> Officer K. McAbee was standing outside of 3 B Lower door observing the inmate movement during main line when I noticed [Voliton] carrying in his right hand a laundry bag filled with milks from food service. I gave this inmate a direct order to stop and bring me the bag. [Voliton] refused and ran away from me inside 3 A Upper. . . I was able to retrieve his Identification Card to prove that it was him who I saw.

*Doc. 4-2 at 5.*

On August 10, 2011, a Disciplinary Hearing Officer ("DHO") conducted a hearing where Voliton testified. Voliton also requested testimony from three witnesses: two BOP guards, Officers B. Robinson and J. March, and an inmate, Jerry Knight. *Doc. 1 at 12*. Because the guards were not on their shifts at the time of the hearing, and the inmate was housed in a different unit, the DHO determined that those witnesses were unavailable. Thus, he only considered their written statements. *Id.* The DHO convicted Voliton of both charges. *Doc. 1 at 12-14*.

On October 20, 2011, Voliton prevailed in his BOP "administrative remedy appeal." *Doc. 4-2 at 12*. The BOP Regional Office concluded that the DHO improperly determined that Voliton's requested witnesses were unavailable for the August 20, 2011 disciplinary hearing. *Id.* The BOP remanded the case for a "rehearing" before the DHO. *Id.*

On October 25, 2011, the DHO conducted a second disciplinary hearing. *Doc. 4-2 at 1*. Voliton refused to attend the hearing. *Doc. 4-2 at 1, 4*. The DHO heard testimony from two of the three witnesses (Officer J. March and inmate Jerry Knight) whom Voliton requested to testify at the August 20, 2011 disciplinary hearing. The third witness, Officer B. Robinson, was unable to attend because he was on extended leave and it was unknown when he would return. *Doc. 4-2 at 1*. In lieu of considering his testimony, the DHO accepted a written statement from Officer Robinson.

The DHO convicted Voliton of both disciplinary charges. *Doc. 4-2 at 1-3*. The sanctions imposed by the DHO included: (1) disallowance of 26 days of good-conduct credit; and (2) the loss of certain commissary, telephone, and visitation privileges. *Id. at 3.*

After pursuing an administrative appeal, Voliton filed this federal habeas action on September 9, 2013.[5] *Doc. 1*. He argues that his disciplinary conviction should be vacated because: (1) the charging officer's story was "impossible" and "unreasonable;" and (2) he did not receive notice of the second disciplinary hearing. *Doc.1 at 4, 15, and 19*. Respondent argues that Voliton's claims fail on the merits. *Doc. 4.*

---

[5] On July 2, 2014, Voliton filed a change of address indicating that he had been transferred to USP Atlanta. *Doc. 5*. Because he was incarcerated at FCI Forrest City when he filed this § 2241 habeas action, the Court continues to have jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004) (the proper respondent in a habeas action is the petitioner's "immediate custodian" at the time of filing). A habeas petitioner's post-filing transfer does not, in and of itself, defeat jurisdiction. *See Copley v. Keohane*, 150 F .3d 827, 830 (8th Cir.1998).

For the reasons discussed below, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and that the case be dismissed, with prejudice.

## II. Discussion

In *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974), the Court held that a disciplinary conviction which results in a prisoner losing good time credits implicates a liberty interest protected by the Due Process Clause.[6] However, the decision of a DHO, who rules against a prisoner challenging a disciplinary, is only required to be supported by "some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). Where the record contains some evidence to support the decision of the DHO, the decision cannot be characterized as arbitrary. *Id.* at 457. Because the loss of good time credits affects the duration of a prisoner's sentence, a § 2241 habeas action is a prisoner's exclusive remedy to challenge the constitutionality of the final disciplinary conviction. *See Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002).

Under *Hill*, federal courts are required to defer to the judgment of prison officials as long "as some evidence in the record" supports the disciplinary conviction and the due process requirements of *Wolff* are satisfied. This limited review does not require a court to examine the entire record, make an independent

---

[6] The Court in *Wolff* also held that due process requires that an inmate, who is the subject of a disciplinary proceeding, must receive: (1) written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decision maker identifying the evidence relied on and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

assessment of the credibility of witnesses, or weigh evidence. Prison officials can permissibly rely on violation reports and hearsay to find inmates guilty of disciplinary infractions. *See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). Finally, the Eighth Circuit has held that, as long as the disciplinary proceeding is conducted by an impartial decision maker, a report from a correctional officer constitutes "some evidence" upon which to base a disciplinary decision. *See Hartsfield,* 511 F.3d at 831. The "some evidence" standard is satisfied even if the inmate disputes the facts in the report and the only support for the DHO's decision is the report itself. *Id.*

Voliton argues that the charging officer's description of events was "impossible." He states that "no unauthorized items were confiscated," and that it is "unreasonable to believe" that trained officers would not have "activated their body alarms" or used their radios to "secure the unit" and alert other officers.

While Voliton clearly disputes the facts contained in the charging officer's report, the DHO accepted those facts and explained his reasons for doing so in his decision. *Doc. 4-2 at 1-3*. This was sufficient to satisfy the due process requirements of *Wolff* and constituted a decision based on "some evidence" as required by *Hill*.

Finally, Voliton argues that he never received notice of the second hearing. However, a Waiver of Appearance Form states that an officer notified Voliton of

his right to appear at the hearing, but that he declined to appear and refused to sign the waiver form. *Doc. 4-2 at 4.* As a result, nothing in *Wolff* prevented the DHO from proceeding with the disciplinary hearing because the Waiver of Appearance Form established that Voliton had received notice of the hearing but elected not to appear.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus be DENIED, and that the case be DISMISSED, WITH PREJUDICE.

Dated this 14th day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE